UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Nancy Montemerlo</u>

    **v.**                                                            Case No. 12-cv-13-PB
                                                                        Opinion No. 2013 DNH 050
<u>Goffstown School
District SAU #19, et al</u>


**MEMORANDUM AND ORDER**


Nancy Montemerlo, a former teacher in the Goffstown School District, brings employment discrimination claims under state and federal law.  She alleges that her school's principal, its human resources director, and other unknown school district employees violated her constitutional right to equal protection under the Fourteenth Amendment when they discriminated against her on the basis of a physical disability by failing to accommodate her diabetes.[1]  Two of the defendants, Principal James Hunt and Human Resources Director Carol Kilmister, move to dismiss the equal protection claim (Count VII) pursuant to Fed.

---

[1] Montemerlo also alleges violations of New Hampshire's anti-discrimination statute, negligent training or supervision, wrongful discharge, failure to make necessary accommodations under the Americans with Disabilities Act, wrongful denial of disability leave, and violations of New Hampshire's Whistleblowers' Protection Act.  Those claims are not the subject of defendants' motion or this order.

R. Civ. P. 12(c).  After construing the plaintiff's factual allegations in the light most favorable to her, I dismiss Count VII because the pleadings are insufficient to support an equal protection claim.

## I. BACKGROUND

Goffstown School District hired Nancy Montemerlo in 2000 as a Student Support Teacher.  In 2005, she began teaching Family and Consumer Science to seventh and eighth graders at the Mountain View Middle School.  She is certified to teach elementary education and family and consumer science.  She is also a certified social worker.  Montemerlo suffers from Type 2 Diabetes and spinal stenosis.  She also experiences some processing delays resulting from a stroke.  To control her diabetes, Montemerlo uses an insulin pump to adjust her blood glucose levels.

In March 2011, Montemerlo asked her immediate supervisor, Nicole Doherty (who is not a defendant in this case), whether she could use her insulin pump in the classroom in front of students.  Doherty told Montemerlo that doing so would be unacceptable, and Doherty instead offered to find a teacher to

cover Montemerlo's class when Montemerlo left the classroom to use the pump.  Doherty, however, never followed up with Montemerlo.

Sometime later, Montemerlo contacted Kilmister, the Human Resources Director, "for guidance as to how to test and use the Pump in [her] classroom with students present."  Compl. ¶ 33, Doc. No. 1-1.  Kilmister responded that she would need a letter from Montemerlo's physician in order to answer Montemerlo's questions about accommodations.  Id.  On April 5, 2011, Montemerlo's physician provided Kilmister with a letter explaining Montemerlo's treatment needs and stating that "monitoring and treatment of her diabetes should not interfere with her teaching."  Id. at ¶ 34.  On April 7, 2011, Kilmister sent Montemerlo an email stating that, based on the physician's letter, the school district would not offer Montemerlo any accommodations.  Following this incident, she "again asked for guidance as to how she should conduct her testing because of the fact that she is continually in the presence of students," and the "school district never responded."  Id. ¶¶ 36-37.  Montemerlo does not state that she again approached Kilmister or that Kilmister denied any subsequent request for an

accommodation.[2]

## II. **STANDARD OF REVIEW**

"The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). The plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

---

[2] Although Montemerlo identifies other incidents that she claims were wrongful - including contentions that she was denied an additional personal day in exchange for coming in during a break to clean her classroom; was denied a transfer to a fourth grade teaching position that she requested for health-related reasons; and was constructively terminated after filing a separate charge of discrimination in 2008 – the complaint does not state that either Kilmister or Hunt played any role in those incidents.

In deciding such a motion, the court views the facts contained in the pleadings in the light most favorable to the nonmovant and draws all reasonable inferences in his favor. Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007). "Judgment on the pleadings is proper 'only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment.'"  Id. (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006)).

### III.  ANALYSIS

To state a viable equal protection claim, a plaintiff "must allege that he was intentionally treated differently from others similarly situated."  Toledo v. Sanchez, 454 F.3d 24, 34 (1st Cir. 2006) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).  Because the physically disabled are not a suspect class for equal protection purposes, Montemerlo must also show that there was no rational basis for the defendants' conduct.  Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 367 (2001); Toledo, 454 F.3d at 33-34.

Montemerlo fails to satisfy any of the elements of an equal protection claim. First, she has not demonstrated the requisite intent to discriminate. See Personnel Adm'r of Mass v. Feeney, 442 U.S. 256, 274 (1979); Soto v. Flores, 103 F.3d 1056, 1067 (1st Cir. 1997). She baldly states in her complaint that Kilmister's conduct was "willful and wanton," but she does not offer any facts to substantiate her conclusory allegation. "Threadbare recitals of the elements of a cause of action . . . do not suffice." Iqbal, 556 U.S. at 678.

Montemerlo also fails to show that she was treated differently from any non-disabled employees in similar circumstances. See Toledo, 545 F.3d at 34. "A similarly situated person is one that is roughly equivalent to the plaintiff in all relevant respects." Estate of Bennett v. Wainwright, 548 F.3d 155, 166 (1st Cir. 2008)) (citations and quotations omitted). Montemerlo asserts that the teachers who took breaks to smoke or pump breast milk were similarly situated to her. She does not, however, allege that she requested and was denied breaks to use her insulin pump, or that she took breaks and was reprimanded. She states only that she asked for "guidance" on how to use her insulin pump in front of her

6

students, and that Kilmister concluded based on Montemerlo's physician's note that no accommodation was necessary. Thus, on the face of the complaint, Montemerlo cannot demonstrate that she was treated differently from any similarly situated person in a comparable situation.

Finally, even assuming that Montemerlo had made a request to take breaks to adjust her insulin pump and that Kilmister refused, Montemerlo fails to demonstrate that Kilmister's refusal was irrational. See Toledo, 545 F.3d at 34. Montemerlo alleges that Kilmister refused to "offer Plaintiff an accommodation based upon Plaintiff's physician's letter." Compl. ¶ 35, Doc. No. 1-1. Montemerlo did not attach the letter to her complaint, but summarized it as stating that "treatment of her diabetes should not interfere with her teaching." Id. at ¶ 34. That statement can reasonably be interpreted to mean that Montemerlo did not require an accommodation because of her diabetes. Indeed, the plaintiff has admitted that the statement could be read to mean that she "did not require an accommodation because the pump did not need to be used during school hours." Doc. No. 13-1. Although Montemerlo claims that "[t]he more rational reading" of the doctor's statement is that Montemerlo's

7

condition would not prevent her from being able to teach her students, she does not argue that Kilmister's interpretation was irrational.  Thus, the physician's letter gave Kilmister a rational basis to refuse Montemerlo's request for an accommodation even if she had requested an opportunity to take breaks.

### IV.   CONCLUSION

This is not a case in which the defendants denied the plaintiff's request to use her insulin pump was denied; Montemerlo never asked Kilmister or Hunt for periodic breaks to leave the classroom to use her insulin pump, nor was she ever reprimanded for taking such breaks.  Instead, her claim arose from an apparent misunderstanding between the parties about the meaning of the doctor's note:  Montemerlo believed the note indicated a need for accommodations, and Kilmister interpreted it as indicating that no accommodations were necessary.  Both readings were reasonable.  Instead of clarifying the situation, however, Montemerlo brought suit.  Disputes that "arise out of mutual misunderstanding, misinterpretation and overreaction . . . do not give rise to an inference of discrimination."

8

Dartmouth Review v. Dartmouth College, 889 F.2d 13, 18 (1st Cir. 1989) (quoting Johnson v. Legal Servs. of Ark., Inc., 813 F.2d 893, 896 (8th Cir. 1987)), *overruled on other grounds by* Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61 (1st Cir. 2004).  Accordingly, the defendants' motion to dismiss (Doc. No. 12) is granted.[3]

    SO ORDERED.


                                         /s/Paul Barbadoro
                                         Paul Barbadoro
                                         United States District Judge

April 2, 2013

cc:   Stephen T. Martin, Esq.
      Brian J.S. Cullen, Esq.

---

[3] Hunt is named in Count VII, but Montemerlo failed to identify any facts to support her claim that Hunt violated her equal protection rights.  Accordingly, Count VII is also dismissed as it relates to Hunt.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).